**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT CARRASCO GAMEZ, Jr.,

        Plaintiff-Appellant,

  v.

UNKNOWN NORRIS, CO II, at ASPC
Florence and WESLEY VALENTINE,
AKA Unknown Valentine, CO II at ASPC
Florence,

        Defendants-Appellees.

No.   17-15367

D.C. No. 2:12-cv-00760-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted October 15, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, KLEINFELD, Circuit Judge, and WU,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

Plaintiff-Appellant Robert Gamez appeals the district court's denial of his proposed additional language to a jury instruction. He argues that the instruction as-given was an incomplete statement of the law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

Gamez, an inmate in the custody of the Arizona Department of Corrections, sued Corrections Officers Shilo Norris and Wesley Valentine, pursuant to 42 U.S.C. § 1983, claiming that they had violated his Eighth Amendment rights by using excessive force against him. At trial, the district court gave the following as Jury Instruction 12:

> While a violation of Department of Corrections policy may also constitute a violation of an inmate's constitutional rights, you may not simply conclude one follows the other. The plaintiff has the burden of proof to show that each officer violated the plaintiff's constitutional right regardless of any alleged violation of a Department of Corrections policy.

Gamez sought to highlight Defendants' alleged violation of a prison policy by proposing the following additional language to the instruction: "Department of Corrections use-of-force policies may be relevant to whether force was applied and [sic] a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." The district court declined Gamez's proposal as superfluous.[1] The district court also gave a general Eighth

---

[1]     Plaintiff preserved his right to appeal the instruction. Even though Gamez's reason for challenging the instruction shifted after his initial objection, he distinctly

Amendment instruction as Jury Instruction 11.

We review de novo whether a jury instruction was "an incomplete, and therefore incorrect, statement of the law . . . ." *See Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010). "In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001)).

Jury Instruction 12 already notified the jury that it could consider a violation of prison policy for multiple purposes by stating that a violation of policy "may *also* constitute a violation of an inmate's constitutional rights." (Emphasis added). Additionally, in Jury Instruction 11, the district court told the jury to consider, *inter alia*, "whether the defendant applied the force in a good faith effort to maintain or restore discipline." Jury Instruction 11 continued, "[i]n considering [this] factor[], you should give deference to prison officials in the adoption and *execution* of policies." (Emphasis added). Reviewing the given instructions as a whole, we conclude that they (1) already included the concepts/points in Plaintiff's proposed language, and (2) accurately stated the law.

**AFFIRMED.**

---

raised the issue to the district court by proposing the additional language. *See* Fed. R. Civ. P. 51(c); *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1231 (9th Cir. 2011).

17-15367